**John Carl FOSTER, Plaintiff,**

v.

**The FIRST NATIONAL BANK OF OREGON, PORTLAND, a national banking association, Defendant.**

**Civ. No. 62-217.**

United States District Court
D. Oregon.

Sept. 28, 1962.

Clifford B. Alterman, of Kell & Alterman, Portland, Or., and Forrest E. Cooper, Lakeview, Or., for plaintiff.

Charles E. Wright, of Pendergrass, Spackman, Bullivant & Wright, Portland, Or., for defendant.

SOLOMON, Chief Judge.

This case is before the Court on plaintiff's motion for summary judgment.

Plaintiff, a Klamath Indian, filed this action to compel defendant, The First National Bank of Oregon, to pay him approximately $40,000 which the Bank holds in trust for plaintiff under a trust agreement made by the Secretary of the Interior (Secretary) pursuant to § 564n of the Klamath Termination Act (Act), 68 Stat. 718 (1954), as amended, 25 U.S.C.A. §§ 564–564x. Plaintiff also seeks a judgment under 28 U.S.C. §§ 2201–2202 (1958) declaring § 564n of the Klamath Termination Act unconstitutional.

The Klamath Termination Act providing for the cessation of federal supervision over the property of the Klamath Tribe was enacted on August 13, 1954. Pursuant to the Act, the tribal roll was closed as of August 13, 1954, and thereafter it was published by the Secretary in 22 Fed.Reg. 9309 (1957). Plaintiff was listed on the final roll as a member of the tribe.

Section 564d of the Act provided that each enrollee was to be given an opportunity to elect to withdraw from the tribe (and have his interests in tribal property converted into money and paid to him) or to remain in the tribe and participate in a tribal management plan. On April 18, 1958, plaintiff elected to withdraw from the tribe. At that time plaintiff was only twenty years of age; however, he had been designated by the Secretary to elect on his own behalf pursuant to § 564d(a) (2) of the Act.

Section 564n, as amended, provided that the Secretary should continue restrictions on the property of members withdrawing from the tribe by such means as he deemed adequate, including the creation of private trusts, to protect the rights of those members who were minors, non compos mentis, or who, in the opinion of the Secretary, were in need of assistance in conducting their affairs. Since plaintiff was a minor when he elected to withdraw from the tribe, the Secretary selected the defendant Bank as Trustee of a trust of plaintiff's liquidated share of the tribal property. On or about June 26, 1958, the

Secretary, as Trustor, and the Bank, as Trustee, executed the Trust Agreement.

Article II(c) of the Trust Agreement provided that the Trustee could terminate the trust by distributing the property to the Beneficiary when it should find, in its sole discretion, that the Beneficiary was "competent, capable, and willing to manage the properties." The Agreement contained no other provision for termination.

When plaintiff attained his majority, he so advised the defendant and demanded delivery of the trust corpus. Defendant refused and plaintiff instituted this action.

■ The first issue is whether the trust established for plaintiff was void *ab initio* for the reason that the authorizing statute, § 564n of the Klamath Termination Act, is unconstitutional. Plaintiff contends that the Act completely ended the stewardship of the Government over the Klamath Tribe and that the private trust mechanism authorized by § 564n for Indians who are minors, non compos mentis, or in need of assistance in conducting their affairs denies to citizens the property rights guaranteed by the Fifth Amendment solely because of their Indian ancestry. This same contention was considered in Crain v. First National Bank (D.C.Ore.1962), 206 F.Supp. 783. The Court there held that § 564n was a constitutional exercise of congressional power. There the plaintiff was an adult Klamath Indian for whom the Secretary had established a private trust under § 564n pursuant to a finding that Crain was in need of assistance in managing his affairs. This Court found that the provisions of § 564n were part of a plan of gradual termination of governmental guardianship of the Klamath Indians in which the retention of restrictions was based upon individual proclivities rather than on membership in a given race. On the authority of Crain v. First National Bank, supra, I find that the trust established for the plaintiff in the present case was not void *ab initio* for lack of statutory authorization.

The second issue is whether this trust was terminated, either by its own terms or by operation of law. The trust provides for termination only upon distribution of the trust property. This has not occurred.

Section 564n authorizes the Secretary to continue restrictions on the property of Indians by the creation of private trusts only in three situations: where the Indian is a minor, where he is non compos mentis, or where the Secretary has declared that he is in need of assistance in conducting his affairs. If the Indian is an adult of sound mind and the Secretary has not declared that he is in need of assistance, then the Indian has an absolute right under § 564d to receive unrestricted title to his liquidated share of the tribal property.

■ The Trustee contends that because § 564n does not expressly limit the duration of a trust for a minor Indian to his minority, the Secretary may provide that such a trust will continue beyond minority and terminate only when, in the opinion of the Trustee, the Beneficiary is ready to assume management of his property. This interpretation, which was written into the trust agreement, gives the Trustee authority to declare that a minor-beneficiary is, on attaining majority, in need of continued assistance.

In my view, this interpretation is not authorized by the Act. The statute expressly provides that such a declaration shall be made by the Secretary, and that this determination is subject to judicial review. There is no provision for this determination to be made by a private trustee. Such an interpretation would give the trustee greater power than that of the Secretary, since the Trustee's determination would not be subject to judicial review.

■ The purpose of the statute is to bring the period of government guardianship over the Klamath Indians to an end and to make the restriction of property rights of Indians the exception rather than the rule. Under the Act, an Indian is presumed to need protection

during minority, but when he comes of age he is presumed competent to manage his own affairs unless the Secretary has made a contrary determination.

In my view, § 564n requires that a trust created to protect an Indian during minority terminate automatically when his minority ends, unless the Secretary has determined that the Indian is in need of assistance in managing his affairs or unless a court has found him to be non compos mentis.

The creation of the trust of plaintiff's property was authorized by § 564n during his minority. When plaintiff reached his majority, the Secretary did not declare that plaintiff was then in need of assistance in managing his affairs. Therefore the trust terminated for lack of a statutory basis on which to continue it and plaintiff became entitled to the unrestricted possession and control of the trust property. Article I (d) and II(c) of the Trust Agreement are void insofar as they are inconsistent with this opinion.

Plaintiff's motion for summary judgment is granted.